United States District Court
Southern District of Texas
**ENTERED**
November 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| A.D.M.O., a minor, by her Next Friend, D.S.O.G, | : | Civ. No. 4:26-09681-LFR |
| *Petitioner*, | : | |
| v. | : | |
| ANGIE SALAZAR, ET AL., | : | NOVEMBER 15, 2026 |
| *Respondents* | : | |

**ORDER GRANTING IMMEDIATE RELEASE AND PRS CONDITIONS**

The Court, having considered the record and heard from the parties at Show Cause Hearings held on November 12, 2026, ORDERS as follows:

1. Respondent ORR shall immediately within the next 24 hours, release the Petitioner, A.D.M.O., to her mother and Next Friend, D.S.O.G.
2. Petitioner's mother and Next Friend, D.S.O.G., is the sponsor.
3. Consistent with the requirements outlined in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA) (8 USC § 1232(c)(3)(B)), the Homeland Security Act of 2002 (6 U.S.C. § 279), and the Unaccompanied Children Program Foundational Rule (45 C.F.R. § 410.1210), ORR is ordered to offer Post Release Services ("PRS") to Petitioner.
4. The Respondents shall promptly refer Petitioner's case for PRS Level 3 services, in accordance with Section 6.5 of the ORR Policy Manual, though this order does not bar the PRS provider from later making a determination that a lower level and intensity of services is sufficient.
5. It is ordered that Petitioner must engage in PRS services until such time as services are terminated either because (1) the child turns 18 years of age, is granted voluntary departure or lawful immigration status, or leaves the United States pursuant to a final order of removal, or (2)

after receiving PRS for one (1) year, or a PRS provider determines that PRS services are no longer needed.

6. A.D.M.O. and D.S.O.G. shall participate in and cooperate with the PRS provider so as to reasonably engage and strive for the successful reintegration of A.D.M.O. with her family and community and any safety concerns. ORR and all PRS providers who provide services to Petitioners must make reasonable modifications in their policies, practices, and procedures as needed to enable A.D.M.O. to access services consistent with Section 504 of the Rehabilitation Act of 1973 and Section 6.2.11 of the ORR Policy Guide.
7. ORR is ordered to work with the mother and Next Friend, D.S.O.G., to develop a safety and supervision plan for Petitioner as soon as practicable. A.D.M.O. and D.S.O.G. shall continue family clinical sessions and/or individual counseling sessions after A.D.M.O.'s release until a time when a medical professional determines it is no longer necessary.
8. Respondents shall transmit to the sponsor and Petitioner's counsel, within 7 days of this order, A.D.M.O.'s Individualized Section 504 Plan, and any updates thereto, so that the accommodations set forth in the plan can be implemented with A.D.M.O.'s family, school and community providers.
9. Petitioner shall file, no later than November 20, 2026, by 5:00 PM, a status report informing the Court that Petitioner has been released.
10. Per the UC Program Foundational Rule (45 CFR § 410.1000) release of an unaccompanied child to a sponsor means the discharge of an unaccompanied child. After release, ORR does not have legal custody of Petitioner.
11. Respondents do not consent to the release of Petitioner and object to the terms of this Order for the reasons set forth in their brief (Dkts. 11, 12) and during the November 12, 2026 hearing. The

release of Petitioner is ordered over Respondents' objections. Respondents reserve all rights and remedies, including, but not limited to, appellate rights.

12. The Court shall incorporate the terms of this Order in the Final Judgment granting the Petition for a Writ of Habeas Corpus.

SO ORDERED. SIGNED on November 15, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge